*217 HUNTER, JR., Robert N., Judge,
concurring in part and dissenting in part.
I dissent from Section II of the majority opinion. The majority’s definition of “restricted” funds adds unnecessary complexity to this Court’s body of cases addressing school funding disputes between charter schools and local school boards.[1] The majority’s definition is overly broad and may allow local school boards to sequester funds as “restricted” which should be apportioned to charter schools under N.C. Gen. Stat. §§ 115C-238.29H(b), 1160426(c) (2009). For these reasons, I respectfully dissent.[2]
The majority defines “restricted” funds as “those funds which have been designated by the donor for some specific program or purpose, rather than for the general K-12 population of the local school system” and notes the requirement of Thomas Jefferson I that these funds be placed into a separate fund from the local current expense fund. Thomas Jefferson I, _ N.C. App. at _, 715 S.E.2d at 634. The majority then remands to the trial court for further findings of fact concerning the “origins, purpose, and uses of the various funding sources at issue” that it must then apply to this newly constructed definition of “restricted” funds.
In Union Acad. v. Union Cnty. Pub. Sch., _ N.C. App. _, 735 S.E.2d 452, 2012 WL 5857373 (2012) (unpublished) this Court instructed the trial court on remand to determine, based on the rules set forth in Thomas Jefferson I, “the amount of restricted funds properly placed” in a separate fund. Id. at *5. Notably, this Court said “[w]ithout specific evidence as to what the funds in UCPS’ Fund 8 actually were, any attempt by this panel to define ‘restricted funds’ would amount to an improper advisory opinion.” Id. at *4.
Here, the trial court followed the exact procedure prescribed by Union Academy: the trial court collected what the majority describes as an “extensive record” and then examined the nature of the funds. The trial court relied on the testimony of the Chief Financial Officer of Cleveland County Schools (“CCS”) to find as fact that $2,109,377 of the funds at issue in Column A were unrestricted in nature. The trial court *218 then found as fact that the roughly $671,904 at issue in Columns B and C were funds used for “(a) part of ‘moneys made available’ to CCS for its ‘current operating expenses,’ (b) used by CCS to operate its general K-12 programs and activities, and (c) not restricted to purposes outside CCS’s general educational program....” As the trial court properly took evidence, considered the “nature” of the funds, and determined that the funds were unrestricted in nature, the trial court has already followed the proper procedure under Thomas Jefferson I and the example provided in Union Academy. Accordingly, I would affirm the trial court.
The majority’s definition unnecessarily adds a layer of complexity and will foster further litigation relating to charter school funding disputes for the 2009-10 school year. Funds appropriated by a donor to a local school district and designated for a “specific program or purpose” conceivably captures a wider variety of programs intended to benefit the general K-12 population of a local school system, including charter school students. This Court’s prior cases have already lead to local school units “increasingly allocating] monies for operating expenses to funds other than the local current expense fund”[3] as well as a bevy of litigation discussed supra. Creating an additional avenue for argument—that a particular budgetary item is a “specific program” or has a “specific purpose”—will only exacerbate those trends. For the foregoing reasons, I respectfully dissent.

. As an initial matter, I agree with the majority that the holding in this case is limited to a small subset of funding disputes between charter schools and local education authorities due to the General Assembly’s changes to N.C. Gen. Stat. § 115C-426 (2009). 2013 N.C. Sess. Laws 965, 978-80.

. I agree with the majority opinion concerning attorneys’ fees in Section HL

. See Kara Millonzi, Allocating Operating Monies Among Local School Unit Funds: Local Current Expense Fund vs. Fund 8, Coates’ Canons: NC Local Government Law, Univ. of N.C. Sch. Of Gov’t. (June 10, 2014), http://canons.sog.unc.edu/?p=7721; see also Lisa Lukasik, Deconstructing a Decade of Charter School Funding Litigation: An Argument for Reform, 90 N.C. L. Rev. 1885, 1918 (2012) (“After the court of appeals’ charter school-funding trilogy and the subsequent regulatory and legislative changes . . . the base amount of local per pupil funding for charter schools may fluctuate depending upon how local boards of education account for ‘other’ funds.”).